IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00929-PAB-NRN

ELIZABETH WHITNEY,

    Plaintiff,

v.

ROGER WENTHE and
UNITED STATES DEPARTMENT OF JUSTICE FINANCIAL LITIGATION UNIT,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Report and Recommendation on Defendant's Motion to Dismiss ("the recommendation") filed by United States Magistrate Judge N. Reid Neureiter on August 22, 2019 [Docket No. 20]. Magistrate Judge Neureiter recommends that the Court grant defendants' Motion to Dismiss Complaint [Docket No. 12] and dismiss all claims against defendants without prejudice because the Court lacks subject-matter jurisdiction. Plaintiff filed written objections. Docket Nos. 21, 25.[1]

---

[1] On September 5, 2019, plaintiff, who is *pro se*, filed a motion titled "Motion for Summary Judgment." Docket No. 21. However, the motion also contained an objection to the magistrate judge's conclusion that her claims are barred by sovereign immunity. *See id*. at 2. On October 15, 2019, plaintiff filed another document titled "Objection to Magistrate Judge Neureiter's Report & Recommendation," reiterating the single objection to the recommendation that she made in the previous motion. Docket No. 25. The Court construes plaintiff's two filings together as written objections to the recommendation. Although the second objection is not timely filed, *see* Fed. R. Civ. P. 72(b)(2), the Court will nonetheless consider it.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's claim arises out of a restitution order entered against her following a guilty plea in a criminal case in this District. Docket No. 1 at 1-2, ¶¶ 4-5.[2] Plaintiff's restitution obligation was "joint and several" with that of her co-defendants – Robert McAllister, Richard Neiswonger, and Shannon Neiswonger. *Id*. at 2, ¶ 5. Plaintiff alleges that her co-defendants have made restitution in excess of the amount ordered to be paid by her, yet defendants continue to make efforts to collect restitution from her. *Id*. at 2-3, ¶¶ 9-11. Plaintiff requests (1) an order directing defendants to refund any funds collected from her in excess of the amount of restitution ordered by the Court, (2) an order directing the release of a lien on her property, and (3) an award of attorney's fees and costs. *Id*. at 3. In the recommendation, the magistrate judge concluded that plaintiff's claims are properly construed as being brought against the United States, as defendant Roger Wenthe is sued in his official capacity as an Assistant United States

---

[2] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections. In considering the motion to dismiss, the Court assumes the truth of the allegations in the complaint. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Attorney. Docket No. 20 at 3, n.3 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991), for the proposition that "suits brought against governmental officers in their official capacity should be treated as suits against the government"). The magistrate judge further concluded that, for claims challenging restitution orders through the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A and 3664, the United States has not waived sovereign immunity. Docket No. 20 at 4-5. As a result, the magistrate judge recommends that the Court rule that it does not have subject-matter jurisdiction over plaintiff's claims. *Id*.

Plaintiff objects to the recommendation, contending that her claims are authorized by *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Docket No. 21 at 2, ¶ 4; Docket No. 25 at 2. Plaintiff argues that, under *Bivens*, sovereign immunity does not bar a lawsuit against a government official who violated her rights in his individual capacity. *Id*. The Court construes this as an argument that she brings her claim against Wenthe in his individual capacity and therefore her claim should be allowed to proceed. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." (citations omitted)). The only act that plaintiff alleges Wenthe took was that he "filed a lien against [plaintiff] in Arapahoe County." Docket No. 1 at 1, ¶ 2. Plaintiff fails to explain how her complaint states a *Bivens* claim against Wenthe in his individual capacity. "At a minimum, in order to state a *Bivens* claim, a plaintiff must show that the defendant[]: (1) acted under color of federal law; and (2) caused the plaintiff to be deprived of a right secured by the constitution or laws

of the United States." *Terrell-Bey v. Crank*, No. 15-cv-00668-GPG, 2015 WL 2106211, at *2 (D. Colo. May 4, 2015) (citing *Brady v. Robinson*, 77 F.3d 488 (9th Cir. 1996)). The only available remedy in a *Bivens* action is "money damages." *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66-68 (2001) (tracing the Supreme Court's *Bivens* jurisprudence). Here, plaintiff's complaint is devoid of any allegation that Wenthe caused plaintiff to be deprived of a right secured by the constitution or laws of the United States. Moreover, plaintiff does not seek damages from Wenthe personally. Instead, she seeks injunctive relief in the form of orders directing the United States to return funds collected in excess of the amount of restitution to her and to release a lien on her property. *See* Docket No. 1 at 3. These are not compensatory damages that could be recovered from Wenthe in a *Bivens* action. Thus, the complaint cannot be construed to assert an individual-capacity suit against Wenthe under *Bivens*.

As to the remainder of the recommendation, in the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the non-objected-to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P.

4

72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Based on this review, the Court has concluded that the remainder of the recommendation is a correct application of the facts and the law.[3]  It is therefore

**ORDERED** that the Report and Recommendation on Defendant's Motion to Dismiss [Docket No. 20] is accepted.  It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 21], construed as an objection, is overruled.  It is further

**ORDERED** that plaintiff's Objection to Magistrate Judge Neureiter's Report and Recommendation [Docket No. 25] is overruled.  It is further

**ORDERED** that defendants' Motion to Dismiss Complaint [Docket No. 12] is granted.  It is further

**ORDERED** that plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  It is further

**ORDERED** that defendants' Motion to Strike the Portions of ECF No. 21 Concerning Summary Judgment and to Stay Briefing on Summary Judgment [Docket No. 24] is denied as moot.  It is further

**ORDERED** that plaintiff's Revised Motion for Summary Judgment [Docket No. 26] is denied as moot.  It is further

---

[3] Defendants filed a motion to strike those portions of Docket No. 21 which request summary judgment for plaintiff.  Docket No. 24.  In response, plaintiff filed a revised motion for summary judgment.  Docket No. 26.  Given the disposition of this case, both motions are denied as moot.

5

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** this case is closed.

DATED October 21, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge